**Azlee RUTLEDGE, Appellant,**

v.

**Robert L. HARRIS, Appellee.**

**No. 4920.**

District of Columbia Court of Appeals.

Argued Jan. 26, 1970.

Decided March 24, 1970.

Max M. Goldberg, Washington, D. C., for appellant.

Samuel J. Ochipinti, Washington, D. C., for appellee.

Before HOOD, Chief Judge, and KERN and NEBEKER, Associate Judges.

NEBEKER, Associate Judge:

■ This appeal, brought by the maternal grandmother of three female children, is from an award of custody of the children to their father. We reverse the custody order and remand for further consideration consistent with this opinion. In so doing, we do not wish to be understood as altering or enlarging our traditionally limited scope of review of such delicate decisions. We are prompted to take this action because the trial judge, in finding against the grandmother, stated that she "greatly desires a continuation of [an earlier] support order [entered against the father] for the sake of herself and children."[1] A careful examination of the record fails to reveal any evidence to support the finding that the grandmother desired the payments for herself. Also, the trial judge viewed some relevant and highly significant evidence as having no legal impact to the issue of custody. We also note that the judgment, which contains the findings of fact and conclusions of law, was not entered on the record until two months after the date appearing therein. This is contrary to G.S.Dom.Rel. Rule 7. Moreover, the decision was apparently taken under advisement for five months before the date appearing on the judgment. On remand the trial judge remains free to exercise his judgment consistent with the established standard of what is in the best interest of the children.

The unique circumstances revealed by a review of the history of the principals in this case are significant. After the mother and father had separated in 1957 or 1958, she and the children lived with her mother —the children's grandmother. Thereafter, on September 5, 1962, the father was ordered to pay for support and maintenance of his family. On several occasions he fell substantially in arrears and was subject to contempt orders for his failures. Indeed, he is presently substantially in arrears on his obligation to support the children.

In late 1965, the mother and her children moved into living quarters adjacent to the grandmother and remained there until the death of the mother in May, 1966. Upon the mother's death, the children moved back with their grandmother and have remained there since. The grandmother testified that she used a monthly $200 social security payment to the children for their support and that the father had not contributed anything to the children since their mother's death.

The evidence revealed that for a number of years during the separation the father had lived with another woman whom he subsequently married some years after a son was born. The evidence also revealed that the father's contact with the children was infrequent and permeated with a history of mutual indifference. The children do not desire to live with their father and his second family. The two older children so testified at the hearing. At present, the children are about 18, 15 and 13 years of age.

■ In the judgment, the trial court states "that there is no evidence indicating that [the father] is an unfit person." We think this reflects a failure to weigh factors which, in the delicate balance of things, may, if considered, prompt a different conclusion. We think such factors as failure to support the children and previous parental indifference, possibly coupled with an ulterior motive to avoid support payments and gain the income from the social security payments, should be considered.

■ On remand, the court is, of course, free to receive any additional evidence which may be offered. It should also keep in mind that a stable and desired environ-

---

1. In the context of this finding, it is impossible to know whether the reference to the children meant the three grand-daughters or the grandmother's children or both.

ment of long standing should not lightly be set aside in the case of teen-age children in these circumstances. Any conclusion to do so should be based on detailed findings, timely entered and supported by the evidence.

Reversed and remanded.